IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HIGH SPEED CAPITAL,<br><br>Appellant,<br><br>v.<br><br>STEVEN R. BAILEY,<br><br>Appellee. | **MEMORANDUM DECISION<br>AND ORDER<br>DISMISSING BANKRUPTCY APPEAL**<br><br>Case No. 2:23-cv-386<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On June 12, 2023, Appellant High Speed Capital noticed this appeal from a decision of the bankruptcy court. *See* Dkt. No. 1. Appellant High Speed Capital's opening brief was due on September 13, 2023. Not only did High Speed Capital fail to file its opening brief by this deadline, it has yet to file any briefing at all in support of its appeal. On October 19, 2023, Appellee Steven R. Bailey filed a motion to dismiss High Speed Capital's appeal for failure to prosecute. *See* Dkt. No. 9. High Speed Capital has not responded in any way to that motion. Finally, on November 20, 2023, the court issued an order requiring High Speed Capital to show cause no later than December 4, 2023 why Mr. Bailey's motion should not be granted. High Speed has failed to comply with that order. Indeed, High Speed Capital has not communicated with the court in any manner regarding this appeal since its counsel entered notices of appearances six months ago.

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the

parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988). This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2.

This court agrees with the Ninth Circuit's conclusion that "dismissal of a bankruptcy appeal for failure to prosecute is appropriately analogized to a dismissal under Rule 41(b)." *In re Hunt*, 599 Fed. Appx. 690, 691 (9th Cir. 2015) (citation omitted). This conclusion is supported by Federal Rule of Bankruptcy Procedure 8003(a)(2), which provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal is ground for the district court to act as it considers appropriate, including dismissing the appeal." (Cleaned up.)

Here, High Speed Capital has failed to file any briefing in support of its appeal, has not responded to Mr. Bailey's motion to dismiss the appeal for failure to prosecute, has disregarded the court's show-cause order, and has not communicated in any way with the court since its counsel entered notices of appearances six months ago.

The court thus finds that High Speed Capital has failed to (1) prosecute the appeal, (2) comply with the court's order, or (3) show good cause why the appeal should not be dismissed. The court accordingly dismisses High Speed Capital's appeal pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 41-2, and Federal Rule of Bankruptcy Procedure 8003(a)(2).

**IT IS SO ORDERED.**

DATED this 22nd day of December, 2023.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge